### LANDON v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8545. Decided Dec. 19, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

225. CHARGE OF COURT—1004. Receiving Stolen Goods—Where several defendants are jointly indicted for receiving stolen goods, charge that "if you are satisfied beyond a reasonable doubt that any one of them did receive or conceal this Ford coupe, or any part of it which has been stolen, knowing it to have been stolen, then you will return a verdict of guilty" held erroneous.

Error to Common Pleas.
Judgment reversed.

Nathan Herstam, Cleveland, for Landon.
M. H. Meyer, Cleveland, for State.

FULL TEXT.

SULLIVAN, PJ.

The defendant Landon was indicted and convicted in the court below of the crime of receiving stolen property and was sentenced to one year in the penitentiary, and he prosecutes error that, under the rules of criminal law, the verdict is clearly and manifestly against the weight of the evidence; that the court committed error in its charge, and that evidence inadmissible was introduced in evidence, to which due exception was made.

We have reviewed the record and have come to the conclusion, employing the rule as to reasonable doubt, upon the question of scienter, that the verdict and judgment are clearly and manifestly against the weight of the evidence. The evidence should be of such a nature, in order to convict in a case like the one at bar, especially upon the vital question of knowledge, that its import and substance are convincing beyond the existence of a reasonable doubt. To this degree, knowledge that the property was stolen, must extend.

It is our unanimous judgment that the proof does not reach that degree required in cases of this character in order to convict. It should not only be credible, as is necessary in such cases, but it should be convincing to the degree required by the criminal law, and this situation should be reasonably apparent on the face of the record.

In this case this defendant is charged jointly with other defendants in an indictment alleging larceny and the receiving of stolen property. Exception is taken to the following part of the charge:

"This third count charges, in substance, that these four men, knowing this Ford coupe to have been stolen from Charles Boland, did receive and conceal this automobile, with intent to defraud Charles Boland.

"On this third count the State must prove that this was stolen; that these defendants, or either one or more of them knew it was stolen; that these defendants, or either one or more of them did either receive, or aid, or assist, or procure in the receiving and concealing of this Ford coupe, or any part of it, which had been stolen, knowing it to have been stolen, if you are satisfied beyond a reasonable doubt that anyone of them did receive or conceal this Ford coupe, or any part of it which had been stolen, knowing it to have been stolen, then you will return a verdict of guilty. In this connection you are also charged to bear in mind the instructions which I have given you as to aiding, abetting or procuring. That is, if one, or more, of the defendants did aid, abet or procure in the doing of the act, then you will return a verdict of guilty as against all that you are satisfied beyond a reasonable doubt did aid, abet or procure in the doing of this unlawful act."

The complaint is made that this charge is confusing and that its natural result was to mislead the jury in that, inasmuch as several defendants were charged jointly, the court did not distinctly and specifically make application of the facts in such a manner as to apply specifically to the defendant or defendants to whom they related. The following language so indicates:

"If you are satisfied beyond a reasonable doubt that anyone of them did receive or conceal this Ford coupe or any part of it which had been stolen, knowing it to have been stolen, then you will return a verdict of guilty."

One of the interpretations which a jury might gather from this sentence is that if any one of the defendants received the property knowing it to have been stolen, that a general verdict of guilty might result.

It is our unanimous conclusion that this is error prejudicial to the defendant.

There appears in the record a detail of certain alleged facts and circumstances which are apparently admitted on the basis that a conspiracy existed among the defendants. We think the evidence falls short of proving a conspiracy to the extent that the evidence of the facts and circumstances became competent in the absence of the plaintiff in error, and all evidence of this nature that was admitted, which related to transactions which took place in his absence, is incompetent, and that by reason of its admission prejudicial error was committed by the court below. and for this reason the judgment is reversed and the cause remanded for further proceedings according to law, on the ground that the judgment and verdict are clearly and manifestly against the weight of the evidence; that there was error of law in the admission of evidence without a sufficient showing of conspiracy, and that there was prejudicial error in the charge as noted herein.

(Levine and Vickery, JJ., concur.)